FILED - GR
July 8, 2026 1:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: ___ 7/8

# LEGAL MEMORANDUM

## 1. CASE CAPTION

1:26-cv-2023
**Paul  Maloney - US District Judge**
**Phillip Green - Magistrate Judge**

**COURT:** U.S. District Court, Western District of Michigan

**PARTIES:** Phillip Edward Martin (Plaintiff) v. Tempur-Pedic North America, LLC and Tempur Sealy International, Inc. (Defendants)

**MATTER:** Employment Dispute — Title VII Retaliation and Sex Discrimination

## 2. EXECUTIVE SUMMARY

Phillip Edward Martin, a male General Manager recruited and placed by Tempur-Pedic Retail Stores at its Grand Rapids Flagship location, was terminated by telephone on October 15, 2025, five days after submitting a formal written complaint documenting a hostile work environment, an HR confidentiality breach, and false reporting by a subordinate. The stated termination reason, including tardiness and failure to perform timekeeping audits, is directly contradicted by contemporaneous email and text message records showing Phillip proactively addressed the cited issues before termination, as well as by store performance records reflecting 15.37 percent year-over-year sales growth under his leadership. The EEOC issued a Determination and Notice of Rights on May 12, 2026, under Charge No. 471-2026-01411. The 90-day filing window expires on August 13, 2026.

## 3. FACTUAL BACKGROUND

*Chronological Timeline of Key Events:*

| Date | Event & Significance |
|---|---|
| Aug - Sep 2024 | Recruitment: Sara Lamparski contacts Plaintiff; approved twice by RD Colleen Woods. [DOC-11, DOC-12] |
| Aug 2024 – Sep 2025 | Tenure: Led Grand Rapids Flagship to 15.37% YOY sales growth; completed 9 regional missions. [DOC-06, DOC-07] |
| Oct 8-13, 2025 | Compliance: Proactive resolution of timekeeping discrepancies via email with HR BP Beth Bernard. [DOC-05] |
| Oct 9, 2025 | **Protected Activity:** Filed formal Open Door complaint regarding hostile environment and HR breaches. [DOC-03] |

| Date | Event & Significance |
|---|---|
| Oct 15, 2025 | **Adverse Action:** Termination by phone 5 days post-complaint; zero progressive discipline. [DOC-02, DOC-07] |
| May 12-15, 2026 | EEOC Dismissal: Right to Sue issued (Charge 471-2026-01411); 90-day clock begins. [DOC-RTS] |

# 4. CLAIMS FOR RELIEF

## Count I: Title VII Retaliation (42 U.S.C. § 2000e-3(a))

Plaintiff engaged in protected activity on October 9, 2025. The five-day temporal proximity between the complaint and termination, combined with evidence of proactive resolution of the cited pretextual reason, establishes a causal link under Sixth Circuit precedent (Mickey v. Zeidler Tool & Die Co.). [DOC-03, DOC-05]

## Count II: Title VII Sex Discrimination (42 U.S.C. § 2000e-2(a))

Evidence indicates a systemic pattern of replacing four consecutive male General Managers. Additionally, RD Colleen Woods utilized patronizing language ("kid," "sports") toward the Plaintiff, supporting an inference of gender-based animus. [DOC-08, DOC-11]

## Count III: Violation of Internal Policies and Implied Obligations

Defendants bypassed TRS Associate Handbook procedures regarding mandatory investigations and progressive discipline, further indicating that the stated reasons for termination were pretextual. [DOC-02]
| Sara Lamparski | Recruiter | Recruited Phillip; facilitated both interviews with Colleen Woods | Internal | Can corroborate that Colleen Woods selected and approved Phillip |

# 5. EVIDENCE SUMMARY & INVENTORY

| Claim Map | Supporting Evidence | Key Probative Value |
|---|---|---|
| Retaliation | Open Door Email (Oct 9) | Documents core protected activity sent to HR/RD/VP. [DOC-03] |

| Claim Map | Supporting Evidence | Key Probative Value |
|---|---|---|
| Pretext | HR Email Logs (Oct 8/13) | Proves Plaintiff resolved timekeeping issues before termination. [DOC-05] |
| Pretext | Store Performance Summary | 15.37% YOY growth negates performance-based firing. [DOC-06] |
| Discrimination | Witness List (DOC-08) | Corroborates pattern of male GM removal and RD conduct. [DOC-08] |
| Procedural | TRS Associate Handbook | Establishes bypassed investigative and disciplinary policies. [DOC-02] |

Prepared: June 25, 2026

# 6. DAMAGES SOUGHT

In connection with the Title VII retaliation and sex discrimination claims, Plaintiff seeks damages in the amount of $875,000. This figure comprehensively accounts for the combination of back pay and front pay, compensatory damages for documented financial losses and emotional distress, and punitive damages intended to address the Defendants' willful disregard for federal anti-discrimination laws.

- **Back Pay and Front Pay:** Compensation for lost wages and benefits from the date of wrongful termination (October 15, 2025) through the date of judgment, accounting for the 15.37% YOY growth performance that indicates likely career progression.
- **Compensatory Damages:** Recovery for documented financial losses, including approximately $30,000 in personal savings depleted due to eight months of unemployment and reliance on outside borrowing.
- **Emotional Distress Damages:** Compensation for the mental and emotional hardship resulting from the hostile work environment and retaliatory termination, substantiated by professional therapy records initiated in January 2026.
- **Punitive Damages:** Sought to punish the Defendants' willful and malicious disregard for federal anti-discrimination laws and to deter future retaliatory conduct, particularly given the total lack of progressive discipline.

These damages are necessary to make the Plaintiff whole and to address the significant professional, financial, and personal impact of the Defendants' unlawful actions.

7-8-26